JAMES CLAYTON, SAMUEL LOCKWOOD AND ARMWELL LONG,

*vs.*

JOHN MITCHELL.

*Kent, Feb. T.* 1818.]

It is sufficient, in an affidavit to found a motion for a writ of *ne exeat*, to refer to the facts charged in the bill as shewing the ground of the complainant's demand or complaint, without re-stating them in the affidavit : *Provided*, the facts so charged are such as entitle the complainant to the writ.

In the case of a bill for an account, where the balance between the parties is yet to be ascertained by an account and settlement, it is sufficient, in an affidavit for a *ne exeat*, for the complainant to swear *to his belief* that a sum certain is due to him.

BILL IN EQUITY FOR AN ACCOUNT, &c.—Upon the affidavit of James Clayton, one of the complainants, it was moved that a writ of *ne exeat republica* issue against the defendant. The substance of the affidavit is set forth in the opinion of the Chancellor.

*Hayes*, for the defendant, objected.

This is an application to the sound discretion of the Court, for the safe exercise of which a ground must be well laid in the affidavit. The affidavit is defective in two points.

1. It does not set out the circumstances on which the debt is founded, directly, but only by reference to the bill. This is not according to the practice, which requires the affidavit to be full and complete on its face, alleging not only that the defendant is indebted but how he became so. 2 *Ves. Sr.* 489: 2 *Com. Dig.* 625.

2. The deponent does not swear positively to the sum

alleged to be due. A sum certain must be positively sworn to. 2 *Com. Dig.* 625 : 3 *Bro. Ch. R.* 370 : 3 *Atk.* 501. It is true that in the latter case the Lord Chancellor, in denying the motion for want of a sufficiently positive oath, says that if the bill had been for an account, the oath of the complainant that he verily believes that the balance in his favor would amount to so much, would entitle him to a *ne exeat.* But that *dictum* does not support the present affidavit.

*Thomas Clayton,* for the complainants.

It is sufficient, as to the first objection, that the affidavit refers to the facts charged in the bill. With respect to the oath of indebtedness, this being a bill for an account between partners, it is impossible and is not necessary to swear positively to a sum certain.

RIDGELY, CHANCELLOR.—The affidavit states that John Mitchell is about to depart the State and to reside in the State of Maryland, with the view and intention of avoiding the payment of such sum of money as may be decreed to the complainants ; that the said John Mitchell has declared his intention to remove out of the State ; that he has purchased a large tract of land in the State of Maryland, as this deponent has heard and believes ; that the said John Mitchell has sold and disposed of his share of the mill in the bill mentioned ; and that this deponent verily believes that the said John Mitchell is indebted to the complainant on account of the matter charged in the said bill, in the sum of $16,000 and upwards, and that if the said John Mitchell is permitted to leave the State, the complainants are in danger of losing their just demands :

There are two objections to this affidavit.

*First,* that the affidavit does not sufficiently set out the facts or state the circumstances on which it is grounded ; and,

*Second,* that the debt is not positively sworn to.

As to the first objection, the affidavit refers to the bill and to the matters charged in the bill to show the demand of the complainant or the ground of his complaint. If the complainants shall make out their case, then they will be entitled to relief; and consequently, those facts or circumstances referred to by the affidavit state sufficiently or lay a sufficient ground of complaint, which does not rest on the opinion of the complainant, but, if supported, will make the defendant liable. In 2 *Vesey Sr.* 489, the facts stated in the affidavit were not sufficient to make the defendant liable. It was there necessary to state that assets had come to the hands of the administrator. Otherwise he could not be liable : and that fact not being laid in the affidavit, it was not sufficient to warrant the issuing of the writ.

2. The case cited from 3 *Atk.* 501 shows that the plaintiff need only swear to his belief, on a bill for an account. On such a bill (such as this is) the complainant could not possibly swear to a certain sum. The whole is a conjecture ; for until the account be taken, he cannot know in what sum the defendant is indebted to him. The whole matter is in the knowledge of the defendant. The complainant can only state facts showing the liability of the defendant, and until a settlement be made, or account be taken, no certain sum can be known, or sworn to, by him.

Let the writ be issued, and the defendant, if he pleases, may move to supersede it.


The writ of *ne exeat* was issued and executed. The defendant appeared before the Chancellor, and it was ordered that he should enter into a recognizance, with surety, to abide the decree of the Court. A recognizance was thereupon entered into by the defendant, with sureties approved by the Chancellor ; the same being taken in the

name of the complainants, in the penal sum of $36,000, and with condition " that if the above named John Mitchell, in the said bill of complaint named, his executors or administrators, shall pay to the said James Clayton, Samuel Lockwood and Armwell Long, their executors and administrators, all and every such sum and sums of money, and all costs, that shall be decreed in equity to be paid by him the said John Mitchell, his executors or administrators, to the said James Clayton, Samuel Lockwood and Armwell Long, on the said bill of complaint, or otherwise shall abide the said decree, then this recognizance to be void, otherwise to be and remain in full force and virtue." The recognizance being entered into, the Chancellor ordered that the writ of *ne exeat republica* be superseded.